## CIRCUIT COURT OF BATH COUNTY

William A. Parks, Jr., Ancillary
Administrator of the Estate of
Walter C. Strauss, deceased

v.

John C. Singleton, Executor of the
Estate of Marguerite B. Greer,
deceased

February 27, 1980

By JUDGE ROSCOE B. STEPHENSON, JR.

The issue presented is whether a debtor-creditor relationship existed between plaintiff's decedent and defendant's decedent.

The evidence is undisputed. Walter C. Strauss, plaintiff's decedent, and Marguerite B. Greer, defendant's decedent, were brother and sister. In December, 1973, Strauss sent his sister a check, dated December 11, 1973, in the amount of $5,000, which he intended as a gift. (See Deposition of Audrey F. Craun, pp. 5, 7, 9.) After Mrs. Greer received the check (the evidence is silent as to the exact time she received it), she and her brother talked on the telephone (apparently on December 20, 1973). During the course of their telephone conversation, Mr. Strauss informed her that he had decided to give a certain painting to someone other than Mrs. Greer. Apparently, the $5,000 gift was in lieu of the painting. When she learned of this, "Mrs. Greer got angry and decided to, she wasn't going to take the money as a gift which it was supposed to be. . . ." (Craun deposition, p. 5). Mrs. Greer told her brother that she was going to send him a writing which would show that the $5,000 was a loan, and, according to the witness Craun, "Mr. Strauss, on the phone told her that very day when she said "I'm sending

it as a loan, he said, 'no, no, definitely it is a gift'."
(Deposition, p. 7).

Thereafter (apparently on December 20, 1973), Mrs. Greer directed her secretary, Mrs. Craun, to type what is filed as Plaintiff's Exhibit A. Mrs. Greer signed it and mailed it to Mr. Strauss. This exhibit reads:

Mr. Walter Strauss
The Sherry Netherlands Hotel
Apt. 711
New York, New York

This is to certify that I, Marguerite B. Greer, received from the above named, as a loan the sum of $5,000.00 on December 20, 1973.

Signed:
s/Marguerite B. Greer
MARGUERITE B. GREER

MBG:ac

The plaintiff contends the $5,000 was a loan by Mr. Strauss to Mrs. Greer and that it is a debt due the Estate of Walter C. Strauss, deceased, by the Estate of Marguerite B. Greer, deceased. The defendant contends the $5,000 was a gift by Strauss to Mrs. Greer.

On briefs, counsel for each party deal rather extensively with the question of whether a gift was proved, especially as to whether there was an acceptance of the gift by Mrs. Greer.

Whether a gift was actually consummated (i.e., accepted by Mrs. Greer) is not necessarily dispositive of the ultimate issue. The crucial issue is whether the plaintiff has proved that a debtor-creditor relationship exists. The evidence is clear and undisputed that Mr. Strauss *intended* to make a gift of $5,000 to his sister and that, even when his sister indicated that she would treat it as a loan, Mr. Strauss said, "No, no, definitely it is a gift."

There must be a mutual assent, i.e., a meeting of the minds of both parties, as to all essential terms or elements before a binding contract is created. 4B M.J., *Contracts*, § 26, p. 30; 17 Am. Jur. 2d, *Contracts*, § 18, p. 354. In the present case, the evidence indicates that

Mr. Strauss intended the transaction as a gift and that Mrs. Greer, after becoming angry, intended to treat it as a loan. Clearly, there was no mutual assent or meeting of the minds of the parties.

It was incumbent upon the plaintiff to show that Mr. Strauss, either expressly or impliedly, agreed that the $5,000 was a loan by him to his sister. No such evidence was presented, and, therefore, the court holds that the plaintiff has failed to carry the burden of proving by a preponderance of the evidence that a debtor-creditor relationship existed. Accordingly, judgment will be entered for the defendant.